Filed 10/27/23  P. v. Allen CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL ANTHONY ALLEN,<br><br>    Defendant and Appellant. | D081588<br><br><br><br>(Super. Ct. No. SCD216913) |

APPEAL from an order of the Superior Court of San Diego County, Jeffrey F. Fraser, Judge.  Reversed and remanded.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Elana Miller, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Michael Allen appeals after the trial court summarily denied his petition under Penal Code section 1172.6 (formerly section

1170.95) without an evidentiary hearing. We accept the Attorney General's concession of error and reverse.

FACTUAL AND PROCEDURAL BACKGROUND

The People charged Allen with murder (Pen. Code,[1] § 187, subd. (a)), attempted murder (§§ 664 & 187, subd. (a)), conspiracy to commit murder (§ 182, subd.(a)(1)), shooting at an occupied structure (§ 246), and the unlawful taking and driving of a vehicle (Veh. Code, § 10851, subd. (a)). In 2010, he pled guilty to voluntary manslaughter (§ 192, subd. (a)) and evading an officer with reckless driving (Veh. Code, § 2800.2).[2]

Twelve years later, in March 2022, Allen filed a petition under section 1172.6[3] requesting that his voluntary manslaughter and reckless evasion convictions be vacated and he be resentenced. His supporting declaration consisted of a preprinted form where he checked boxes that stated: (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable causes doctrine; (2) he was convicted of murder, attempted murder, or manslaughter following a trial, or accepted a plea offer in lieu of a trial at which he could have been

---

[1]    Further section references are to the Penal Code unless noted otherwise.

[2]    We note that the guilty plea form indicates Allen pled to "[Penal Code section] 2800.2." This is clearly a clerical error and is listed as "[Vehicle Code section] 2800.2" elsewhere in the record.

[3]    Assembly Bill No. 200 (Stats. 2022, ch. 58, § 10) renumbered section 1170.95 to 1172.6, effective June 30, 2022.

convicted of murder or attempted murder; and (3) he could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019. The People opposed Allen's petition. The trial court summarily denied the petition without issuing an order to show cause.

## DISCUSSION

When a trial court reviews a petition for resentencing under section 1172.6, it first determines if the petitioner has shown a prima facie case for relief under the statute. (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) The court accepts the allegations as true and evaluates whether the petitioner would be entitled to relief if he or she proves the allegations. (*Ibid.*) The court may review the record of conviction, including to a limited extent any prior appellate opinion, to determine if the petitioner's allegations are rebutted by the record. (*Id.* at p. 972.) But the court may not engage in factfinding and weighing credibility at the prima facie stage of petition review. (*Id.* at p. 971, citing *People v. Drayton* (2020) 47 Cal.App.5th 965, 979–980.)

A court's decision to deny a resentencing petition at the prima facie stage " 'is appropriate only if the record of conviction demonstrates that "the petitioner is ineligible for relief as a matter of law." [Citations.] This is a purely legal conclusion, which we review de novo.' " (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

In this case, the trial court relied upon the charging document, specifically count 5, to conclude that Allen was ineligible for resentencing as a matter of law. It found that, because Allen was charged with conspiracy to commit murder, he was facially ineligible for resentencing because his conviction did not arise from either the natural and probable consequences

3

doctrine or a felony murder theory. But Allen was not *convicted* of conspiracy to commit murder. Rather, he pleaded guilty to voluntary manslaughter, thereby *avoiding* convictions for both murder and conspiracy to commit murder. And had he not accepted a plea deal, it would have been permissible for the prosecutor to argue any theory of murder, including felony murder and murder based on the natural and probable consequences doctrine because "[t]he information . . . need not specify the theory of murder on which the prosecution relies at trial." (*People v. Contreras* (2013) 58 Cal.4th 123, 147.) The amended information, in fact, did not identify the theory of murder the People would pursue at trial. On this record, it is unclear which theory or theories of murder Allen avoided by accepting the plea offer.

It is on this basis that Allen asserts the trial court erred by finding him ineligible for relief at the prima facie stage under section 1172.6, subdivision (c). The Attorney General agrees with Allen. The People concede that "there was nothing in the record of conviction establishing that appellant was ineligible for relief as a matter of law." We accept the concession and remand the matter for an evidentiary hearing under section 1172.6, subdivision (d). We express no opinion on the outcome of that hearing.

## DISPOSITION

We reverse the trial court's order denying the petition. On remand, the trial court is directed to issue an order to show cause pursuant to section 1172.6, subdivisions (b)(3) and (c), and to conduct an evidentiary hearing pursuant to subdivision (d).

DATO, Acting P. J.

WE CONCUR:


DO, J.


KELETY, J.

5